**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH T. AUSTIN,

        Petitioner,

        v.

MICHELLE R. RICCI, et al.,

        Respondents.

Civil Action No. 07-4428 (MLC)

**O P I N I O N**

**APPEARANCES:**

Joseph T. Austin, Pro Se, #315257/ 772532B
New Jersey State Prison, P.O. Box 861, Trenton, NJ 08625

Roberta Dibiase, Office of the Ocean County Prosecutor
119 Hooper Avenue, Toms River, NJ 08753
Attorney for Respondents

**COOPER, District Judge**

    Petitioner, Joseph T. Austin, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on September 12, 2007. During the pendency of the proceedings, Petitioner filed a motion to appoint counsel (docket entry 13). Respondents filed an answer and the relevant state court record on February 15, 2008 (docket entry 14). In response, Petitioner filed two letters again requesting counsel (docket entries 15 and 16). Petitioner has not filed a Reply/Traverse to the answer. Respondents did not file opposition to the motion to appoint counsel. Having considered the motion pursuant to Federal Rule of Civil Procedure 78, the Court will deny the motion and grant Petitioner sixty days to file a Reply/Traverse, if he so chooses.

## BACKGROUND

Petitioner filed this petition, pro se, arguing that his constitutional rights were violated due to ineffective assistance of counsel during his plea agreement. (See Pet., ¶ 12.) After Petitioner filed the instant motion, Respondents filed an answer to the petition, asserting that the petition should be denied on the merits, and arguing as an affirmative defense that the petition is time-barred.

Petitioner seeks appointment of counsel, arguing: (1) he cannot afford counsel; (2) the issues here are too complex for him to grasp; (3) the issues require an investigation, which Petitioner cannot complete while incarcerated; (4) the prison does not have an adequate law library and the Inmate Legal Association is understaffed; (5) he has no knowledge of the law; (6) he is a mental health out-patient and is on medication; (7) he was diagnosed perceptually impaired during his school years; and (8) he is mentally challenged and has difficulty reading and writing. (See Mot., docket entry 13.)

## DISCUSSION

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. See Pa. v. Finley, 481 U.S. 551, 555 (1987) ("right to appointed counsel extends to the first appeal of right, and no further"); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997) (holding no statutory or constitutional right of counsel conferred upon indigent civil litigants).

Counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).[1] In determining whether the interests of justice require appointment of counsel, the Court must examine whether the petitioner has presented a meritorious claim. See Biggins v. Snyder, 2001 WL 125337, at *3 (D. Del. Feb. 8, 2001). The Court also must determine whether the appointment of counsel will benefit the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present claims and investigate facts. See id. "Where these issues are straightforward and capable of resolution on the record, or when the petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, the court would not abuse its discretion in declining to appoint counsel." Id. (cites and quotes omitted); see Paul v. Att'y Gen. of N.J., 1992 WL 184358, at *1 (D.N.J. July 10, 1992) (stating factors to consider in appointing counsel under § 3006A include: "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.").

The Court here must first determine if Petitioner states non-frivolous, meritorious claims. Petitioner claims that he was

---

[1] 28 U.S.C. § 1915(e)(1) also provides that a court may "request an attorney to represent any person unable to afford counsel."

denied effective counsel. (See Pet., ¶ 12).  From the face of the petition, these contentions do not appear to be frivolous.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (in actions filed pursuant to 42 U.S.C. § 1983, a "frivolous" complaint is defined as one which has "inarguable legal conclusions" or "fanciful factual allegations").

The Court must then examine whether the appointment of counsel will benefit the Court and Petitioner.  This case seems to be fairly "straightforward and capable of resolution on the record."  See Parham, 126 F.3d at 460.  Petitioner has shown that he can proceed pro se by filing the petition and this motion with attachments, and letters to the Court.  Although Petitioner claims the law library is inadequate, he does have access to the prison law library and a limited ability to investigate the law.  See Jones v. Kearney, 2000 WL 1876433, at *2 (D. Del. Dec. 15, 2000).  Petitioner, admittedly, has the assistance of the Inmate Legal Association, although it may take time for Petitioner to receive assistance.

Petitioner's claims also are not complex and are capable of resolution on the record.  The Court's review of the petition is limited to reviewing whether the state court adjudications:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>    (2) resulted in a decision that was based on an
>    unreasonable determination of the facts in light of the
>    evidence presented in the State court proceeding.

See 28 U.S.C. § 2254(d).  As to Petitioner's claims, the record provided by Respondents should provide the Court with the information needed to resolve this case.  It does not appear that expert testimony will be required.

The Court will deny Petitioner's motion to appoint counsel, as it does not appear that the appointment of counsel would benefit both Petitioner and the Court.  But, as Petitioner has asserted that he has difficulty with reading and writing, and it may take time to receive assistance from the prison inmate legal association, the Court will grant him sixty days to file a Reply/Traverse to Respondents' answer.[2]

### CONCLUSION

Based on the foregoing, Petitioner's motion for counsel will be denied.  The Court will issue an appropriate Order.

                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:    September 16, 2008

---

[2] According to Rule 5(e) of the Rules Governing Section 2254 Cases, "The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."

5